IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD SCHLATTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-CV-211 |
| v. ) | |
| ) | |
| ALLEN COUNTY SHERIFF KEN FRIES ) | |
| (sued in his official and representative capacity); ) | |
| DR. HORSTMEYER (sued in his individual ) | |
| capacity); PAMELA THORNTON, RN #C935; ) | |
| CHRISTINE CHASE, QMA PE #C452; ) | |
| ANDREA L. SIERKS, LPN; MERISSA ) | |
| RUNYON, LPN #916; PE #C1037; PE #1025; ) | |
| and CORRECTIONAL OFFICER _____ ) | |
| WAUKASEY (Allen County Jail personnel ) | |
| sued in their individual capacities), ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

### **I. INTRODUCTION**

This matter is before the Court on the Motion to Dismiss filed on December 1, 2011, by

Defendants Pamela Thortnon, RN # C935; Andrea Sierks, LPN; and Merissa Runyon, styled as

"#916" in the First Amended Complaint.[1] (Docket # 44.) On December 12, 2011, Plaintiff filed

his response in opposition to the Defendants' Motion (Docket # 46); Defendants replied on

December 19, 2011 (Docket # 49). As such, the motion is now ripe for ruling. For the following

reasons, the Defendants' Motion to Dismiss will be GRANTED.

---

[1] Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (*See* Docket # 47.)

1

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Richard Schlatter was a former prisoner at the Allen County Jail ("Jail"). (Am. Compl. ¶ 1.) Schlatter claims that, shortly after he was booked into the Jail, his gums began to bleed, a problem which persisted throughout his incarceration at the Jail. (Am. Compl. ¶ 5.) Schlatter alleges that Dr. Horstmeyer, the Jail dentist, informed Schlatter that a teeth cleaning would properly address the bleeding problem. (Am. Compl. ¶ 6.) Schlatter further alleges that despite his multiple requests for a teeth cleaning, Defendants told him that he would only receive the teeth cleaning if he could pay for it himself. (Am. Compl. ¶ 7.) Schlatter claims that he was indigent and, therefore, could not pay for the cleaning. (Am. Compl. ¶ 7.) According to Schlatter, this resulted in chronic bleeding of his gums. (Am. Compl. ¶ 8.)

Based on these allegations, Schlatter brought this action against Defendants primarily under 42 U.S.C. § 1983, alleging that the individual Defendants were deliberately indifferent to his serious medical needs and denied him adequate and reasonable medical care.[2] (*See* Am. Compl. ¶¶ 2, 9.) Schlatter, however, also made negligence claims under the "laws of the State of Indiana." (Am. Compl. ¶¶ 2-3, 9.) Specifically, Schlatter alleges that the individual Defendants, including Thornton, Sierks, and Runyon, were "*negligent*, reckless, and/or deliberately indifferent to the Plaintiff's serious medical need, denying him of reasonable medical care and/or subjected the Plaintiff to a denial of adequate medical care in violation of the Plaintiff's rights

---

[2]Defendants do not challenge Schlatter's claim that his presumed periodontal disease is a serious medical need. While the Seventh Circuit Court of Appeals has recognized that periodontal disease can be considered a serious medical condition, *see Board v. Farhman*, 394 F.3d 469, 480 (7th Cir. 2005), periodontal disease is not *per se* a serious medical need, *see Stevenson v. Scholz*, No. 07-3108, 2009 WL 790961, at *10 (C.D. Ill. Mar. 23, 2009) (noting that bleeding gums do not automatically suggest a serious condition). Rather, the plaintiff must provide evidence that his particular case of periodontal disease constitutes a serious medical need. *Bell v. Scholtz*, No. 09-3007, 2011 WL 1238911, at *9 (C.D. Ill. Mar. 30, 2011).

under the public policies and *laws of the State of Indiana*, and/or in violation of his federally protected rights under the Eighth Amendment . . . and 42 U.S.C. § 1983." (Am. Compl. ¶ 3 (emphasis added).) Schlatter also states that "[t]he *negligent* and/or unconstitutional denial of adequate medical care was the direct and proximate cause" of his alleged physical and emotional injuries. (Am. Compl. ¶ 9 (emphasis added).)

Defendants argue that these allegations amount to state law claims of medical negligence or medical malpractice. (Defs.' Br. in Supp. of Mot. to Dismiss 1-2; Defs.' Reply 1, 1 n.1.) As such, Defendants maintain that Schlatter is required to comply with the provisions of the Indiana Medical Malpractice Act ("Act"), which makes a Medical Review Panel decision a condition precedent to filing a suit in a court in Indiana. (Defs.' Mot. to Dismiss 1.) According to Defendants, because Schlatter has failed to follow the Act's procedural requirements, his claims of medical negligence must be dismissed for lack of subject matter jurisdiction. (Defs.' Br. in Supp. of Mot. to Dismiss 3.) In response, Schlatter relies on *Jester v. Zimont*, No. 1:11-CV-14, 2011 WL 5980204 (N.D. Ind. Nov. 29, 2011), which denied a motion to dismiss a § 1983 claim of deliberate indifference to a serious medical condition. (Pl.'s Resp. 1-2.) Defendants then distinguish *Jester*, noting that they are seeking dismissal of only the state law medical negligence claims rather than the federal § 1983 claims. (Defs.' Reply 2.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) "requires a court to dismiss an action when it lacks subject matter jurisdiction." *Durst v. Ill. Farmers Ins. Co.*, No. 05 C 574, 2005 WL 2007221, at *1 (N.D. Ill. Aug. 16, 2005) (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945 (7th Cir. 2003)). "Without jurisdiction the court cannot proceed at all in any

3

cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Tittjung*, 235 F.3d 330, 339 (7th Cir. 2000). If there is no statutory basis for its subject matter jurisdiction, "a district court, which is a court of limited jurisdiction, should proceed no further than determining whether to dismiss or transfer the case." *Baker v. Kingsley*, 387 F.3d 649, 656 (7th Cir. 2004).

"When reviewing a dismissal for lack of subject matter jurisdiction, . . . a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). Nevertheless, the Court need not accept as true "conclusory statements of law or unsupported conclusions of fact." *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). In determining whether it has subject matter jurisdiction, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *St. John's United Church of Christ*, 502 F.3d at 625. "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus*, 322 F.3d at 946.

## VI. DISCUSSION

Before reaching the question of whether to dismiss Schlatter's medical negligence claims, the Court must determine if Schlatter makes a claim of medical negligence that falls under the Act's coverage. While the Act does not apply to every negligent act or omission by a health care provider, it does apply "to conduct, curative or salutary in nature, by a health care provider acting in his or her professional capacity and is designed to exclude only conduct which

4

is unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment." *Lyons v. Lutheran Hosp. of Ind.*, No. 104CV0728DFHVSS, 2004 WL 2272203, at *3 (S.D. Ind. Sept. 15, 2004). Accordingly, Indiana courts have drawn a fine distinction between malpractice claims and other negligence claims, *see id.*, but have found claims to be based on medical malpractice rather than ordinary negligence when the complaint challenges the provider's health care decisions or alleges that the provider's acts or omissions, as related to the plaintiff's medical care and treatment, fell below the appropriate standard of care, *see Putnam Cnty. Hosp. v. Sells*, 619 N.E.2d 968, 971, 971 n.2 (Ind. Ct. App. 1993); *Harts v. Caylor-Nickel Hosp., Inc.*, 553 N.E.2d 874, 879 (Ind. Ct. App. 1990) (finding a claim to be one of ordinary negligence when the allegations were not "part and parcel of diagnosis and treatment").

Here, Schlatter's allegations clearly challenge the health care decisions of Defendants Thornton, Sierks, and Runyon. He alleges that these Defendants were negligent in denying him reasonable medical care (Am. Compl. ¶ 3) and that their "negligent and/or unconstitutional denial of adequate medical care was the direct and proximate cause" of physical and emotional injuries (Am. Compl. ¶ 9). These allegations go to conduct that is curative in nature and that is related to the promotion of Schlatter's health and to the Defendants' exercise of professional expertise, skill, and judgment, bringing the claim within the Act. *Cf. Lyons*, 2004 WL 2272203, at *3 (noting that the Act was meant to *exclude* only conduct that is *unrelated* to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment).

Therefore, as Schlatter's state law claim of medical negligence is governed by the Act, under the Act's procedural requirements, Schlatter may not commence an action against a health

care provider in a court in Indiana before: "(1) the claimant's proposed complaint has been presented to a medical review panel; and (2) an opinion is given by the panel."[3] *Cornell v. Canarecci*, No. 3:07-CV-574, 2008 WL 4831739, at *4 (N.D. Ind. Nov. 4, 2008) (quoting Ind. Code § 34-18-8-4). "This requirement applies to actions in federal court in Indiana, just as it applies to actions in Indiana state courts." *Id.* (citation omitted).

Schlatter, however, has failed to file a Proposed Complaint with or to obtain a decision from the Medical Review Panel as the Act requires. (Wilkins Aff. ¶ 4.) As such, the Court lacks subject matter jurisdiction over Schlatter's medical negligence claims until they are presented to a medical review panel.[4] *Rhoades v. Penn-Harris-Madison Sch. Corp.*, No. 3:05 CV 586, 2006 WL 2788588, at *8 (N.D. Ind. Sept. 26, 2006); *see Cornell*, 2008 WL 4831739, at *4 (stating that the court did not have jurisdiction because the plaintiff had not met the requirements of the medical review panel). Furthermore, the Court does not have jurisdiction to even stay the matter pending Schlatter's compliance with the Act's procedural requirements. *See Cornell*, 2008 WL 4831739, at *4. Therefore, the appropriate course of action is to dismiss Schlatter's medical negligence claims without prejudice. *Estate of Perry ex rel. Perry v. Boone Cnty. Sheriff*, No. 1:05-cv-1153-LJM-WTL, 2008 WL 694696, at *16 (S.D. Ind. Mar. 12, 2008) (dismissing medical malpractice claims without prejudice when plaintiff did not comply with the Act's

---

[3]Defendants filed an affidavit stating that Thornton, Sierks, and Runyon were duly qualified health care providers in accordance with the Act. (Wilkins Aff. ¶ 3.) Schlatter does not challenge this.

[4]Defendants seek to dismiss Schlatter's medical negligence claim for lack of subject matter jurisdiction, and there is authority indicating that failure to follow the procedures of the Act results in a lack of subject matter jurisdiction. *See Cornell*, 2008 WL 4831739, at *4; *Rhoades*, 2006 WL 2788588, at *8. On the other hand, some cases have held that, rather than taking away the court's jurisdiction over the medical malpractice claim, a failure to follow the Act's procedures results in the complaint failing to state a claim upon which relief can be granted under Indiana law. *See Rangel v. Reynolds*, 607 F. Supp. 2d 911, 927 (N.D. Ind. 2009); *Estate of Rice ex rel. Rice v. Corr. Med. Serv.*, 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009). Nonetheless, dismissal of the medical negligence claims is appropriate, regardless of the basis used.

requirements); *Estate of Rice*, 596 F. Supp. 2d at 1225 (dismissing without prejudice medical negligence claims for failure to state a claim); *see also Rangel*, 607 F. Supp. 2d at 927 (finding dismissal proper when plaintiffs failed to comply with the Act); *Cornell*, 2008 WL 4831739, at *4 (dismissing, rather than staying, a medical malpractice claim when plaintiff failed to follow the Act's procedural requirements); *Rhoades*, 2006 WL 2788588, at *8 (dismissing medical malpractice claims for failure to follow Act's procedures instead of severing them).

Nonetheless, Schlatter argues that, based on *Jester v. Zimont*, 2011 WL 5980204, Defendants' Motion to Dismiss should not be granted. *Jester*, however, is easily distinguishable. First, *Jester* was concerned with only a federal claim under § 1983. The court specifically noted that "[h]ad Jester chosen to file his complaint against Dr. Zimont in Indiana state court asserting a claim of medical malpractice he would be bound by the procedural requirements set forth in Indiana's Medical Malpractice Act. However, Jester made the decision to pursue a claim against Dr. Zimont under federal law, *not Indiana law*." *Id.* at *3 (emphasis added). Unlike Jester, Schlatter brings his claims under *both* federal law and Indiana law. In his Amended Complaint, Schlatter explicitly states that his claims are brought pursuant to the "laws of the State of Indiana" four separate times. (*See* Am. Compl. ¶¶ 2, 3, 9, 10.) Therefore, Schlatter cannot rely on *Jester*, which dealt exclusively with claims brought under federal law.[5] Moreover, as *Jester* did not involve any state law claims, it was concerned with the dismissal of entire § 1983 claims, which is not what Defendants seek here. When a plaintiff alleges deliberate indifference claims under federal law and medical malpractice under state law and fails to comply with the Act's

---

[5]Jester's response to Dr. Zimont's motion to dismiss states that he was not making a medical malpractice claim, and Jester's complaint does not allege any violations of Indiana law, but is exclusively limited to federal claims.

7

procedures for medical malpractice claims, the medical malpractice claims should be dismissed without prejudice. *See Estate of Rice*, 596 F. Supp. 2d at 1224-25; *Estate of Perry*, 2008 WL 694696, at *16.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Docket # 44) is GRANTED. Accordingly, the medical negligence claims brought under state law against Defendants Thornton, Sierks, and Runyon (styled as "#916" in the caption) are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 28th day of December, 2011.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge